UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDY L. MILLS,                                         **REPORT AND**
                                                       **RECOMMENDATION**
                        Petitioner,
                                                       11-CV-00312-RJA-JJM
v.

RICHARD MILLS,

                        Respondent.[1]

_____

             This *pro se* proceeding was removed to this Court from the Family Court of the

State of New York, County of Genesee by respondent Richard Mills on April 12, 2011 [1].[2] It

has been referred to me by Hon. Richard J. Arcara for all pretrial purposes [5].  For the following

reasons, I recommend  that the proceeding be remanded to Family Court for further proceedings.


                                    **BACKGROUND**

             On January 21, 2010, respondent agreed to settle three actions which he had

commenced in this court: <u>Mills v. Luplow, et al</u>. (4-cv-5), <u>Mills v. Genesee Sheriff Dept, et</u> al.

(3-cv-196), and <u>Mills v. Bryan, et al</u>. (6-cv-751). The terms of the settlement were placed on the

record and stipulations of dismissal were subsequently filed. January 21, 2010 Text Order [68].[3]

At that time, I stated that the transcript of the settlement "may be accessed by the parties,

otherwise it will be held confidential, other than it may be disclosed to the crime victim board as

_____

     [1]        The caption of the notice of removal shows Judy Mills as the petitioner and Richard
Mills as the defendant [1].

     [2]        Bracketed references are to CM-ECF docket entries.

     [3]        This docket reference is  to <u>Mills v. Genesee Sheriff Dept, et al.</u>, (3-cv-196).

indicated or by court order, otherwise . . . it is understood that the terms of the settlement are to be kept confidential."[4]

Relying on 28 U.S.C. §§1443 and 1446, respondent has removed a Petition for Enforcement of an Order of Support filed against him by his ex-wife, Judy Mills, in New York State Family Court, County of Genesee.  Notice of Removal [1].   The Enforcement Petition alleges that a March 2002 divorce judgment made  respondent legally chargeable with the support of a dependent child, but  that "no Child Support payments have ever been made . . . and . . . [plaintiff] received a Confidential Settlement from Genesee County in March 2010, said Settlement is in an account under his sister's name with no way for Child Support Enforcement to attach said account and the respondent refuses to pay any of those monies on his Child Support account."  Id., Exhibit, ¶¶4, 6.

Respondent alleges that Family Court Support Magistrate Kathleen Gray has directed him to pay all proceeds from the settled federal cases to petitioner and is forcing him to reveal the contents of the settlement, without having  the "authority to direct, order, or otherwise reveal the contents of a sealed confidential Federal Action".  Mills Affidavit [1], ¶¶5-9. He has purported to remove the Enforcement Petition to this court "based upon a settlement agreement and contract approved by [this Court] in [the settled cases]", and because "[t]his court retains the exclusive jurisdiction to enforce it's [sic]  judgments . . . [and] contracts . . . [and] to declare violations of it's [sic] judgment/contracts".  Notice of Removal [1], p. 1.  In his supporting affidavit he also appears to base the removal on the Family Court's failure to appoint him

---

[4]        This quotation is  from my chambers transcription of the digital recording of  the January 21, 2010 proceeding.

counsel in the contempt proceeding, "which falls squarely under the U.S. Constitution".  Mills

Affidavit [1], ¶¶14-15.

A status conference in the settled cases was held on June 24, 2011. At that time,

counsel for the settling defendants stated that they did not object to respondent's disclosing the

amount of the settlement in the Family Court proceeding. I also told respondent that I had no

objection to the disclosure and would not consider it a violation of the settlement, which

permitted disclosure by court order.  In the face of these assurances, respondent nevertheless

inexplicably continues to "object to [disclosure in Family Court] because they wanted the

confidentiality provisions". [5]

## ANALYSIS

Although the parties have not questioned this court's subject matter jurisdiction

over the removed proceeding, it "is the obligation of a court, on its own motion, to inquire as to

subject matter jurisdiction and satisfy itself that such jurisdiction exists." Da Silva v. Kinsho

International Corp., 229 F.3d 358, 361(2d Cir. 2000).  "Where jurisdiction is lacking . . .

dismissal is mandatory."  United Food & Commercial Workers Union, Local 919, AFL-CIO v.

CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

Plaintiff relies on 28 U.S.C. §1443 as the basis for jurisdiction before this court,

which provides for federal jurisdiction over civil rights cases. That reliance is misplaced.

"Section 1443 may afford jurisdiction over an action brought by plaintiffs asserting a denial of

---

[5]       This quotation is from my chambers transcription of the digital recording of the June 24, 2011 proceeding.

due process or other constitutional rights, but the action removed to this Court from family court

does not fall within the scope of section 1443." Davies v. Ulster County Department of Social

Services, 2009 WL 4263499, *2 (N.D.N.Y. 2009).

        I see no other basis for this court's subject matter jurisdiction.  Plaintiff does not

assert, and there does not appear to be, diversity jurisdiction. Although plaintiff alleges that the

Family Court is depriving him of his constitutional right to counsel, a "claim that a state court

has violated due process in its handling of a case pending in state court does not permit a

defendant to remove that state case on the basis of federal question jurisdiction." Csikota v.

Tolkachev, 2010 WL 370284, *2 (E.D.N.Y. 2010).

        Moreover, "this Court also lacks subject matter jurisdiction under the domestic

relations exception to federal jurisdiction, which 'divests the federal courts of power to issue

divorce, alimony, and child custody decrees.' . . . The exception has consistently been applied to

child support judgments as well." Csikota, 2010 WL 370284 at  *3.  "A federal court presented

with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain

from exercising jurisdiction so long as there is no obstacle to their full and fair determination in

state courts".  American Airlines, Inc. v. Block , 905 F.2d 12, 14 (2d Cir. 1990).  Although I

recognize that the basis for the removal is premised on enforcement of the settlement, the

practical effect of the removal is to place enforcement of the child support order before this court,

an issue which arises entirely under state law.

        To the extent that respondent attempts to base jurisdiction on the court's

enforcement of the confidentiality provision of the settlement, it is well settled that

"[e]nforcement of the settlement agreement . . . whether through award of damages or decree of

-4-

specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375, 378 (1994).  "In the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement."  <u>Scelsa v. City University of New York</u>, 76 F.3d 37, 40 (2d Cir. 1996) (*citing* <u>Kokkonen</u>, 114 S.Ct. at 1667).

Here, although the terms of the settlement were placed on the record, the stipulation of discontinuance did not incorporate them, and this court did not expressly retain jurisdiction to enforce the terms of the settlement.  *See* <u>Kokkonen</u>, 511 U.S. at 376-377 (finding that the court did not retain jurisdiction over the settlement under similar circumstances). In any event, any basis for plaintiff to seek enforcement of the confidentiality provisions of the settlement has been mooted by the fact that defendants and this court have consented to respondent's disclosure of the amount of the settlement in connection with the enforcement proceeding in Family Court.

**CONCLUSION**

For these reasons, I conclude that this court lacks subject matter jurisdiction and recommend that this case be remanded to family court for further proceedings.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by July 29, 2011 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . .

waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:   July 12, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge